PETER S. DOODY, ESQ. (Bar No. 127653)
doody@higgslaw.com
CHRISTINA G. BOBB, ESQ. (Bar No. 259430)
cbobb@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Plaintiff
CROSSFIT, INC.

FILED
2014 APR 30 PM 1:55
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>COAST FITNESS LLC, a California Limited Liability Company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV14-3332 MMM R2x<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>FILED BY FAX |

Plaintiff CrossFit, Inc.® ("CrossFit") for its Complaint against Defendant Coast Fitness, LLC ("Coast Fitness") respectfully alleges as follows:

## DEMAND FOR A JURY TRIAL

Plaintiff hereby requests a trial by jury in this case, pursuant to Rule 38, Federal Rules of Civil Procedure.

## COMPLAINT

1. Plaintiff is, and was at all times mentioned herein, a Delaware corporation, principally engaged in the business of fitness training and consultancy, providing fitness, nutrition and sports training to its patrons in this judicial district and worldwide. CrossFit® is the owner of protectable interests in several registered United States trademarks and service marks comprised of the term "CrossFit."

1189187.1                                                    CASE NO. _____

2. Plaintiff is informed and believes and based thereon alleges defendant Coast Fitness is a business entity of unknown form or origin with its principal place of business at 5001 W. El Segundo Boulevard, Hawthorne, California 90250. Coast Fitness is a fitness facility improperly offering exercise programs and classes under the name "CrossFit."

3. Plaintiff is informed and believes and thereon alleges that at all relevant times, each of the defendants, was the agent, servant, employee, joint-venturer, and/or partner of each of the other defendants, and in doing the things herein alleged, each defendant was acting within the course and scope of such agency and/or employment. CrossFit is ignorant of the true names and capacities of defendants DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. CrossFit will amend this complaint and allege their true names and capacities when ascertained. CrossFit is informed and believes, and thereon alleges, that each of the defendants designated as "DOE" is responsible, in some manner, for the injuries and damages to CrossFit as alleged herein, and that CrossFit's damages were proximately caused by said defendants.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement arising under the Lanham Act, 15 U.S.C. §§ 1051, et seq., and related claims of unfair competition against defendants. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and this Court's pendent jurisdiction.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to the provisions of 28 U.S.C. §§1338(b) and 1367(a) insofar as the claims are joined with a substantial and related federal claim arising under the trademark laws of the United States. *See* 15 U.S.C. §1051 *et seq.*

6. This Court has personal jurisdiction over Defendants pursuant to California Code of Civil Procedure § 410.10. Defendants have knowingly and

1  purposefully directed their wrongful acts to this forum, distributed, advertised
2  and/or sold services, namely exercise classes, bearing Plaintiff's trademark in this
3  forum, actively solicited business in this forum, and utilized interactive websites
4  that permit residents of this forum to purchase training in exercises classes bearing
5  Plaintiff's' trademark.

6  7.  Venue is laid in this judicial district under 28 U.S.C. § 1391 as Defendants are subject to personal jurisdiction in this judicial district, have done business in this judicial district, have committed acts of trademark infringement and unfair competition in this judicial district, and continue to commit such acts in this judicial district.

## CROSSFIT'S INTELLECTUAL PROPERTY RIGHTS

8.  Through its design, development, sales, and marketing activities, CrossFit® has developed a revolutionary fitness training regimen that has become the principal strength and conditioning program for many police academies and tactical operations teams, military special operations units, champion martial artists, and thousands of professional and amateur athletes worldwide. CrossFit licenses use of its intellectual property, including the "CrossFit" name, to affiliates that have received particularized training and received a certificate from CrossFit.

9.  The CrossFit® name is of particular value in the competitive "small-box" fitness training industry. CrossFit's careful cultivation, maintenance, and protection of its intellectual property rights have enabled CrossFit to amass considerable goodwill within its industry, and the CrossFit name is widely recognized around the world. Consumers readily and singularly associate the CrossFit name with CrossFit, Inc.'s business and services.

10. CrossFit® diligently protects its intellectual property through, *inter alia,* trademark and service mark registration. CrossFit owns several registered United States trademarks and service marks comprised of the word mark "CrossFit," including registered U.S. Service Mark Registration No. 3,007,458

1  issued on October 18, 2005, for use in connection with fitness training services.
2  CrossFit is the owner of the "CrossFit" family of trademarks as registered with the
3  United States Patent and Trademark Office, Registration Numbers 3,007,458;
4  3,826,111; 4,049,689, 4053443 and 4,122,681 for use with its many products and
5  services beginning at least as early as 1985. CrossFit also has many pending
6  applications for the CrossFit marks, including Serial Numbers 77/719,836;
7  77/719,838; 77/719,842; 77/719,862; 85/629,318; 85/595640, 85/595,646 and
8  85/595,737.

9      11. CrossFit® provides a nationally standardized certificate program to personal trainers who desire to become licensed CrossFit affiliates. Persons who successfully complete CrossFit's certificate program and meet other requirements for affiliation are eligible to enter into annually renewable affiliate license agreements, which permit limited use of the CrossFit Marks subject to various conditions. Only persons who have completed CrossFit's certificate process and entered into valid affiliate license agreements are permitted to use CrossFit Marks.

## DEFENDANTS' WILLFUL INFRINGEMENT

    12. Coast Fitness is a fitness facility located at 5001 West El Segundo Boulevard, Hawthorne, California 90250, that is using without permission the CrossFit Marks to offer and promote its services. Coast Fitness is not a licensed CrossFit affiliate and CrossFit has never authorized Coast Fitness' use of the CrossFit Marks. Nonetheless, Coast Fitness offers exercise programs and classes under the name "CrossFit." Coast Fitness also has designated a portion of its facility to a "CrossFit area."

    13. Coast Fitness offers its services on the Internet through its website at http://www.coast-fitness.com/. Coast Fitness' website describes its exercise programs by using the CrossFit Mark. Specifically, the website advertises a class titled "Cross-Fit" http://www.coast-fitness.com/classes/class-description/.

Defendants' website includes this class continuously on their facility's calendar located at http://www.coast-fitness.com/wp-content/uploads/2014/04/CF-Group-Exercise-Schedule-4.07.14.pdf. Additionally, Defendant's advertised description of the class is language that is taken verbatim from CrossFit Inc.'s website, www.crossfit.com.

14. Coast Fitness uses the CrossFit® Marks to promote its own services on several pages of Coast Fitness' website including http://www.coast-fitness.com/amenities/club-amenities/. The CrossFit trademarks are used in a manner that creates the false impression that CrossFit endorses or otherwise approves the services Coast Fitness offers and/or that Coast Fitness is affiliated with CrossFit, Inc., when it does not.

15. Coast Fitness' use of the CrossFit Marks creates the false impression that Coast Fitness is a licensed CrossFit affiliate, creating consumer confusion.

16. CrossFit has not authorized or licensed Coast Fitness' use of the CrossFit Marks. CrossFit does not endorse Coast Fitness' business, or otherwise approve of Coast Fitness' infringing uses of the CrossFit Marks.

17. On information and belief, Coast Fitness uses the CrossFit Marks with the intent to mislead consumers into believing that Coast Fitness is a licensed CrossFit affiliate and/or otherwise sponsored or endorsed by CrossFit and with the intent to profit by trading on CrossFit's goodwill.

18. Coast Fitness was and is, at all relevant times, aware of CrossFit's prior use, ownership, and registration of the CrossFit Marks.

19. Coast Fitness' use of the CrossFit Marks reflects a deliberate attempt by Coast Fitness to make its services appear as if they originate from a licensed CrossFit affiliate or are otherwise sponsored or endorsed by CrossFit. Coast Fitness' intent is to give its services an instant credibility that is not otherwise warranted, and to confuse the unsuspecting consumer.

20. Coast Fitness' use of the CrossFit Marks is likely to cause confusion or mistake, or deceive purchasers, potential purchasers, and the relevant consuming public and trade as to the source or sponsorship or approval of Coast Fitness' services and/or products, and/or as to its affiliation with CrossFit, and are thereby causing harm to CrossFit's reputation and goodwill.

21. Coast Fitness' use of the CrossFit® trademarks in connection with Coast Fitness' services and/or goods is likely to cause initial interest confusion or mistake, or initially deceive purchasers, potential purchasers, and the relevant consuming public and trade as to the source or sponsorship or approval of Coast Fitness's services, and/or as to its affiliation with CrossFit, and is thereby causing harm to CrossFit's reputation and goodwill.

22. Coast Fitness' unlawful conduct is causing and will continue to cause harm to CrossFit. In particular, consumers who view Coast Fitness' website for their services and/or goods in connection with the CrossFit Marks will believe that Coast Fitness' services and/or goods are associated with CrossFit and/or CrossFit Marks. This conduct, if not enjoined, will undermine the goodwill that CrossFit has spent decades carefully cultivating for its marks.

23. In March 2014, CrossFit sent an initial correspondence to Coast Fitness requesting that it stop its infringing use of the CrossFit Marks. On March 21, 2014, CrossFit called Coast Fitness and talked to an employee whom CrossFit was led to believe was a manager at the facility regarding the infringing use of the CrossFit Marks. The manager stated that he would "look into it," then promptly hung up the phone. CrossFit never received any returned communication from Coast Fitness. On March 28, 2014, CrossFit again called Coast Fitness intending to ask them to remove the infringing use of the CrossFit Marks. A woman answered the phone. When CrossFit identified its purpose for the phone call, the woman said "okay," and hung up the phone. On April 4, 2014, CrossFit's counsel sent another cease and desist letter to Coast Fitness, demanding Coast

Fitness cease its infringing use of the CrossFit Marks. Coast Fitness did not respond to this letter or any other communication. Defendants have deliberately refused to remove any and all unauthorized use of the CrossFit Marks from the Coast Fitness website.

## FIRST CLAIM
### Trademark Infringement (15 U.S.C. § 1114)
### (Against All Defendants)

24. CrossFit repeats and realleges the allegations set forth above.

25. This claim is for trademark infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

26. Defendants have used, and continue to use, CrossFit's Marks to advertise and sell Defendants' fitness services in violation of CrossFit's rights in its registered trademarks and service marks.

27. Defendants' use of the CrossFit® trademarks is likely to cause confusion, mistake, and to deceive consumers.

28. Defendants' actions constitute a blatant attempt to confuse the consuming public and to trade off CrossFit's goodwill.

29. Defendants acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive consumers in order to trade off the efforts and earned goodwill and reputation of CrossFit.

30. By reason of the foregoing acts of trademark infringement, CrossFit has been injured in an amount not yet ascertained. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

31. In addition, as a result of Defendants' acts of infringement, CrossFit suffered and will continue to suffer irreparable harm for which CrossFit has no adequate remedy at law, including damage to CrossFit's goodwill. Unless this

Court enjoins Defendants' acts of infringement, CrossFit will continue to suffer irreparable harm.

32. Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM

### False Designation of Origin (15 U.S.C. § 1125(a))

### (Against All Defendants)

33. CrossFit repeats and realleges the allegations set forth above.

34. Defendants' use of CrossFit® Marks in interstate commerce, without CrossFit's consent, is a false designation of origin causing a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public. Defendants' conduct has infringed CrossFit's trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

35. By reason of the foregoing, CrossFit has been injured in an amount not yet fully determined. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

36. In addition, as a result of Defendants' acts of infringement, CrossFit suffered and will continue to suffer irreparable harm for which CrossFit has no adequate remedy at law, including damage to CrossFit's goodwill. Unless this Court enjoins Defendants' acts of infringement, CrossFit will continue to suffer irreparable harm.

37. Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages

and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, CrossFit demands judgment as follows:

a. Judgment in CrossFit's favor on all claims herein;

b. Preliminary and permanent injunctions preventing Defendants and those additional parties specified in Federal Rule of Civil Procedure 65(d) from continued infringement of CrossFit's intellectual property rights, including infringement of CrossFit's registered trademarks and service marks;

c. An accounting of profits and damages resulting from Defendants' false designation of origin and trademark infringement, and trebling of such damages under the trademark laws because of the knowing, intentional, willful, and wanton nature of Defendants' conduct;

d. An award to CrossFit of (a) an amount equal to the actual damages suffered by CrossFit as a result of the infringement of its proprietary trade dress, which exceeds $100,000; (b) an amount equal to the profits earned by Defendants as a result of their infringement; (c) an amount equal to three times the monetary award assessed in view of Defendants' willful and wanton infringement; (d) in the alternative as may be elected by CrossFit, pursuant to Lanham Act Section 35, 15 U.S.C. § 1117(c), statutory damages for each of Defendants' willful acts of infringement; (e) pre-judgment interest and post-judgment interest; (f) an amount equal to CrossFit's reasonable attorney's fees, as an "exceptional" case under 15 U.S.C. § 1117;

e. An award of punitive damages for intentional and willful acts;

f. An award of interest, attorney's fees, and costs; and

g.  Such other and further relief as the Court deems proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby requests a trial by jury in this case, pursuant to Rule 38, Federal Rules of Civil Procedure.

DATED: April 30, 2014                    HIGGS FLETCHER & MACK LLP


By: */s/ Christina G. Bobb*
    PETER S. DOODY, ESQ.
    CHRISTINA G. BOBB, ESQ.
    Attorneys for Plaintiff
    CROSS-FIT, INC.
    Email:   doody@higgslaw.com
                cbobb@higglaw.com

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
для the

Central District of California

CROSSFIT, INC., a Delaware corporation,

*Plaintiff*

v.

COAST FITNESS LLC, a California Limited Liability Company, and DOES 1-10, inclusive,

*Defendant*

Civil Action No. CV14-3332 MMM RZx

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Coast Fitness LLC
5001 West El Segundo Boulevard
Hawthorne, CA 90250

FILED BY FAX

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Peter S. Doody, Esq. (127653)     Telephone: 619.236.1551
Christina G. Bobb, Esq. (259430)  Facsimile: 619.696.1410
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA 92101

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: 4-30-14

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*
1149


American LegalNet, Inc.
www.FormsWorkFlow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
CrossFit, Inc., a Delaware corporation,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Coast Fitness LLC, a California Limited Liability Company, and DOES 1-10, inclusive,

**(b) County of Residence of First Listed Plaintiff** Santa Cruz
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Peter S. Doody, Esq. / Christina G. Bobb, Esq.
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA 92101
Telephone: 619.236.1551

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ excess of $100,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114 - Trademark Infringement, 15 U.S.C. § 1125(a) - False Designation of Origin, 15 U.S.C. § 1117

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | Habeas Corpus: | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:

CV-71 (11/13)   CIVIL COVER SHEET   **CV14-3332**   Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN DIVISION |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: April 30, 2014

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |