# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>v.<br><br>COAST FITNESS LLC, a California Limited Liability Company, and DOES 1-10, inclusive,<br><br>                Defendants. | CASE NO. 14-CV-3332-MMM(RZx)<br><br>[~~PROPOSED~~] ORDER RE FINAL JUDGMENT AND PERMANENT INJUNCTION<br><br>CASE FILED: April 30, 2014<br>CTRM: 780<br>JUDGE: Hon. Margaret M. Morrow<br>T/DATE: Not Set |

    Pursuant to the parties' stipulation:

    A.    Plaintiff CrossFit, Inc. ("CrossFit" or "Plaintiff") filed suit against Defendant, alleging that Defendant violated CrossFit's rights under 15 U.S.C. §§ 1114, 1125(a), (c), and (d) ("Suit");

    B.    The Parties entered into a settlement agreement as of June 12, 2014 ("Settlement Agreement"), which requires entry of the stipulated judgment set forth herein;

    And good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.    That judgment be entered in favor of CrossFit against Defendant on all claims.

Case No. 14-CV-3332-MMM(RZx)

108973-00007
1198052.1

2. For the purposes of binding preclusive effect on Defendant as to future disputes with respect to the Suit or Settlement Agreement between Defendant on the one hand and CrossFit on the other hand, and only for such purposes, Defendant admits the following:

    a. CrossFit is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 3,007,458; 3,826,111; 4,049,689; 4,053,443; and 4,122,681 (the "Marks") and of all rights thereto and thereunder.

    b. Defendant, by its actions described in the complaint, has infringed upon CrossFit's Marks.

3. Defendant, and those in active concert with it, including the parties themselves, their owners, shareholders, principals, officers, agents, servants, employees, attorneys, independent contractors, and partners, are permanently enjoined from using the term "CrossFit" and confusingly similar terms (collectively, the "Injunction"), unless provided with specific authorization to do so by CrossFit, Inc. *after* the Effective Date of the Settlement Agreement. Confusingly similar terms shall include without limitation "CrossFitters" and variations thereof. The term "cross training" shall <u>not</u> constitute a confusingly similar term.

4. Defendant is bound by the Injunction regardless of whether CrossFit assigns or licenses its intellectual property rights to another for so long as such trademark rights are subsisting. The Injunction inures to the benefit of CrossFit's successors, assignees, and licensees.

5. This Court shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement and Injunction, the Stipulation which includes the Injunction, and this final judgment, including but

1  not limited to interpretation and enforcement of the terms of the Settlement
2  Agreement.
3      6.    The Parties waive any rights to appeal this stipulated judgment,
4  including without limitation the Injunction.
5      IT IS SO ORDERED.
6
7  DATED: June 16, 2014          By: /s/ Margaret M. Morrow
                                    JUDGE OF THE UNITED STATES
8                                   DISTRICT COURT

3

Case No. 14-CV-3332-MMM(RZx)

108973-00007
1198052.1